≈JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RUCHE MARINO

### DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 11-14-11

SIGNATURE OF ATTORNEY OF RECORD: [signature]

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **556 Giacomo Street, Norco, LA 70079**

Address of Defendant: **507 Prudential Road, Horsham, PA 19044**

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases **15 U.S.C. § 1692**
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, **Craig Thor Kimmel**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **11-14-11**      _____      **57100**
                         Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11-14-11**      _____      **57100**
                         Attorney-at-Law                 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Ruche Marino : CIVIL ACTION

v. :

NCO Financial Systems, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 11-14-11 | Craig Thor Kimmel | Ruche Marino |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-540-8888 | 877-778-2864 | Kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUCHE MARINO, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR |
| | ) JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

RUCHE MARINO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Norco, Louisiana.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt for Citibank and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning on or about July 1, 2011, and continuing through October 2011, Defendant continuously and repeatedly contacted Plaintiff on his cellular and work telephones in an attempt to collect an alleged debt.

13. Defendant contacted Plaintiff, on average, two (2) times a day, causing Plaintiff to receive between ten (10) to twenty (20) collection calls a month.

14. Most recently, Defendant contacted Plaintiff on October 6, 2011, in an attempt to collect a debt.

15. Additionally, Plaintiff is employed by the St. Charles, Louisiana Sheriff's Office as a Deputy Sheriff.

16. Plaintiff is not permitted to receive personal calls at work.

17. In early July 2011, during a conversation with Defendant, Plaintiff informed Defendant that he was not permitted to receive phone calls at work and instructed Defendant not to contact him at work.

18. Despite Plaintiff's instructions to Defendant not to contact him at work, Defendant continued to contact Plaintiff at his place of employment.

19. To further harass Plaintiff, in July 2011, Defendant left a voicemail message on Plaintiff's cellular telephone threatening to call him at work if he did not return Defendant's call.

20. Defendant made telephone calls to Plaintiff's place of employment and left voicemail messages threatening to call his place of employment, with the intent to cause stress, fear and humiliation to Plaintiff, believing that to do so would substantially increase the likelihood of the debt being paid by Plaintiff.

21. Based on the frequency of Defendant's calls, Plaintiff felt that the only way he could stop the calls was to hang up on Defendant when it called.

22. As a result Defendant threatened Plaintiff that it would "keep calling [his] fucking phone 'til [he] answer[ed]."

23. Plaintiff became so upset and angered by the language used by Defendant's collector and felt so harassed and abused, that he admittedly reacted on one occasion by using profanity himself, thinking that was the only means by which he would be heard.

24. Then, in or around September 2011, Defendant contacted Plaintiff and threatened to bring a lawsuit against Plaintiff if he did not pay the alleged debt.

25. Upon information and belief, at the time Defendant to take legal action against

3

PLAINTIFF'S COMPLAINT

Plaintiff, Defendant did not intend to commence legal action against Plaintiff and had not intended to consult with an attorney.

26. The language and threats used by Defendant were intentional efforts to increase Plaintiff's level of stress and anxiety, in hopes of obtaining payment from Plaintiff by any means necessary, whether Plaintiff was harmed or not.

27. Upon information and belief, Defendant rarely, if ever, takes legal action against individuals.

28. The repetitive calls to Plaintiff were intended by Defendant to be disturbing, harassing, and an invasion of privacy, so that Plaintiff would pay the alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that it knew or should have known was inconvenient;

   c. Defendant violated §1692c(a)(3) of the FDCPA when it communicated with Plaintiff at his place of employment after it knew or had reason to know that Plaintiff was not permitted to receive such communications;

   d. Defendant violated §1692d of the FDCPA when it harassed, oppressed or

abused Plaintiff in connection with the collection of a debt;

e. Defendant violated §1692d(2) of the FDCPA when it used obscene or profane language in connection with its attempt to collect a debt;

f. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

g. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representation or means in connection with its attempt to collect a debt;

h. Defendant violated §1692e(5) of the FDCPA when it threatened to take action that it did not intend to take, or could not lawfully take;

i. Defendant violated §1692e(10) of the FDCPA when it used false representations or deceptive means in connection with its attempt to collect a debt; and

j. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, RUCHE MARINO, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RUCHE MARINO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 11-14-11

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Tara L. Patterson
Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:    kimmel@creditlaw.com
Email:    tpatterson@creditlaw.com